IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. ELLIOTT, SR.,** | : | CIVIL ACTION NO. 1:04-CV-1101 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT DONALD VAUGHN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is plaintiff Joseph A. Elliott, Sr.'s ("Elliott") motion for a temporary restraining order. (Doc. 73). For the reasons that follow, the motion will be denied.

**I.   Factual Background**

Elliott contends that he was transferred from the State Correctional Institution at Camp Hill to the State Correctional Institution at Greene without all of his personal property.[1] (Doc. 73). He seeks to have his personal property returned.

**II.   Legal Standard**

In determining whether to grant a motion seeking preliminary injunctive relief, the court must evaluate four factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the

---

[1] He was allowed to take two boxes of personal property with him at the time of the transfer. (Doc. 74, ¶6).

non-moving party if relief is granted; and (4) the public interest.  United States v. Bell, Civil No. 1: CV-01-2159, 2003 WL 102610, *2 (M. D. Pa. January 10, 2003)( J. Conner)( internal citations omitted).  "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).  It is the moving party that bears the burden of satisfying these factors. Bell, 2003 WL  102610 at *2.

### III.  Discussion

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  See American Tel. And Tel. Co. v. Winback and Conserve Program, Inc., 42 F. 3d 1421, 1426-27 (3d Cir. 1994).  Moreover, issuance of such relief is at the discretion of the trial judge.  Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E. D. Pa. 1993).

"In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . .  Further where a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, the court must consider the principles of federalism in determining the availability and scope of equitable relief."  Riley v. Snyder, 72 F.Supp.2d 456, 459 (D.Del.1999).

    A.    *Likelihood of success on the merits*

In order to prevail on a §1983 claim, Elliott must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and

(2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D.Pa. 2001).

The loss of personal property at the hands of a state actor does not constitute a constitutional violation if a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Pennsylvania tort law offers a remedy for a prison official's unlawful deprivation of an inmate's property.  See 42 PA. CONS. STAT. ANN. §8522(b); See Hicks v. Feeney, 770 F.2d 375, 378 (3d Cir. 1985); Payton v. Horn, 49 F. Supp 2d 791, 795 (E.D. Pa. 1999); Austin v. Lehman, 893 F. Supp. 448, 454 (E.D. Pa., 1995).  Since Elliott has an available state remedy for pursuit of his property claim he fails to state a constitutional violation.

B. *Irreparable harm*

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.  See Continental Group, Inc. v. Amoco Chems. Corp., 614 F. 2d 351, 356 ( 3d Cir. 1980).  Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial."  Instant Air Freight Co. v. C.F. Air Freight, Inc, 882 F. 2d 797, 801. Speculative injury does not constitute a showing or irreparable harm. Continental, 614 F. 2d at 359; see also Public Serv. Co. v. West Newbury, 835 F. 2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F. 2d at 801 (quoting

Sampson v. Murray, 415 U. S. 61, 90 ( 1964)).

As noted above, Pennsylvania tort law provides a remedy for a prison official's unlawful deprivation of an inmate's personal property.  Consequently, Elliott cannot establish irreparable harm as compensatory or other corrective relief is available to him.

    C.    *Balance of harms and public interest*

Because Elliott is unable to establish either likelihood of success on the merits, or irreparable harm, it is unnecessary to discuss the remaining factors.  See In Re Arthur Treacher's, 689 F.2d at 1143.

**IV.**    **Conclusion**

Elliott has failed to meet his burden of satisfying the four factors.  Accordingly, his motion for a temporary restraining order (Doc. 73) will be denied.  An appropriate order will issue.

     /s/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

Date:    January 17, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. ELLIOTT, SR.,** | : | **CIVIL ACTION NO. 1:04-CV-1101** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **SUPERINTENDENT DONALD VAUGHN, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of January, 2006, upon consideration of plaintiff's motion for a temporary restraining order (Doc. 73) it is hereby ORDERED that the motion (Doc. 73) is DENIED.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge