## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH  A. ELLIOTT, SR.,** | : | **CIVIL ACTION NO. 1:04-CV-1101** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT DONALD** | : | |
| **VAUGHN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is defendants' motion to dismiss (Doc. 97) portions of the amended complaint (Doc. 72) filed by plaintiff Joseph A. Elliott, Sr. ("Elliott"). For the reasons set forth below, the motion will be granted.   In addition, a portion of the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.   Statement of Facts[1]

Elliott alleges that, on January 27, 2004, he was involuntarily transferred to a mental health unit in retaliation for filing grievances and lawsuits.  (Doc. 72, p. 6). He alleges that defendant Edward G. Rendell ("Rendell"), the Governor of Pennsylvania and the "Chief Executive Officer of the PDOC" was aware of the involuntary transfer and did nothing to help him.  (Doc. 72, p. 5-6).

---

[1]Although Elliott asserts a variety of claims against numerous defendants, the recitation of facts will be limited to the claims that defendants are seeking to dismiss.

Elliott also alleges that, since the transfer, he has been deprived of his personal and legal property. (Doc. 72, pp. 9-11). He raised this issue in grievances, which were purportedly denied for frivolous reasons by the grievance coordinator, defendant Ian W. Taggart ("Taggart"). (Doc. 72, pp. 13-14). Elliott alleges that he corresponded with defendant Michael Farnan ("Farnan"), Chief Counsel of the Department of Corrections, on two separate occasions, requesting his assistance in gaining access to his property. According to Elliott, Farnan wrongfully refused to assist him. (Doc. 72, p. 14).

In addition Elliott challenges the conditions of his confinement. He contends that defendants wrongfully withheld his shower shoes and that, on January 30, 2004, he was forced to shower in canvas sneakers and to wear wet sneakers all day.

## II.   Motion to Dismiss

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &

2

<u>Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also In re Burlington Coat Factory</u>

<u>Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court

ruling on a motion to dismiss may not [generally] consider matters extraneous to

the pleadings[,] . . . a document integral to or explicitly relied upon in the

complaint" may be considered "without converting the motion [to dismiss] into one

for summary judgment") (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1224

(1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it

appears beyond a doubt that "no relief could be granted under any set of facts that

could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534

U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts

if it adequately put[s] the defendant on notice of the essential elements of the

plaintiff's cause of action." <u>Langford</u>, 235 F.3d at 847. The court must grant leave

to amend before dismissing a complaint that is merely deficient. <u>See Shane v.</u>

<u>Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.  <u>Discussion</u>**

Section 1983 of Title 42 of the United States Code offers private citizens a

cause of action for violations of federal law by state officials. <u>See</u> 42 U.S.C. § 1983.

The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a civil rights claim, the plaintiff must show a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Each defendant must have been personally involved in the events or occurrences which underlie a claim. See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08.

Also, it is well established that claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. Id. Rather, each named defendant must be shown, *via* the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362

4

(1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As

explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal
> involvement in the alleged wrongs . . . [P]ersonal involvement can
> be shown through allegations of personal direction or of actual
> knowledge and acquiescence. Allegations of participation or actual
> knowledge and acquiescence, however, must be made with
> appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

In addition to suing Rendell in his role as the Chief Executive Officer of the

Pennsylvania Department of Corrections,  Elliott states in his opposition brief that

Rendell is being sued in his capacity as governor, "and in that capacity, he exercises

executive control, operational authority, supervision and responsibility for the

Department of Corrections of Pennsylvania through his cabinet-level appointee

Jeffrey A. Beard, who is Secretary of D.O.C. and who serves in that capacity at the

pleasure of Rendell."  (Doc. 118-1, p. 4).   There is no question that Elliottt seeks to

impose liability on Rendell based on his supervisory role.   Defendants' motion to

dismiss will be granted as to this defendant.

Similarly, Elliott's concerns with the grievance procedure are meritless.  As a

threshold matter, the court notes that there is no constitutional right to a grievance

procedure.  <u>See</u> <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U. S. 119,

137- 38 (1977); <u>Wilson v. Horn</u>, 971 F. Supp. 943, 947 ( E. D. Pa. 1997).  While

prisoners do have a constitutional right to seek redress of their grievance from the

government, that right is the right of access to the courts which is not compromised

by the failure of the prison to address an inmate's grievance.  See Booth v. King, 346
F. Supp. 2d 751, 761 ( E. D. Pa. 2004).  Elliott's dissatisfaction with Taggart's
decision to deny his grievance does not rise to the level of a constitutional violation.
See Alexander v. Gennarini, 144 Fed. Appx. 924 (3d Cir. 2005) (finding allegations
asserting involvement in the post-incident grievance process insufficient to state a
claim) and this claim will be dismissed.

Elliott also asserts an Eighth Amendment claim. The Eighth Amendment
guarantees that individuals will not be subjected to "cruel and unusual
punishments."  U.S. CONST. amend. VIII.  In the prison arena, this provision
prohibits official from acting with "deliberate indifference" towards a "substantial
risk of harm to an inmate."  Farmer v. Brennan, 511 U.S. 825, 834, 828, 832-34
(1994).  A violation of the Eighth Amendment is established when a prison official
"knows of and disregards an excessive risk to inmate health or safety."  Id. at 837
("[T]he official must both be aware of facts from which the inference could be
drawn that a substantial risk of serious harm exists, and he must also draw the
inference.")

Elliott has not alleged a "substantial risk of harm" of which prison officials
knew and yet disregarded.  He claims that he was forced to wear canvas sneakers in
the shower because the defendants would not get his shower shoes, and that he was
then required to wear the wet sneakers for the remainder of the day.  This conduct
does not rise to the level of a serious risk to his health.  Hence, defendants' motion
will be granted.

6

III.    **Section 1915(e)(2)**

    A.    **Standard of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Id. at 106.

    B.    **Discussion**

A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under §1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available.  See Parratt v. Taylor, 451 U.S. 527, 542 (1981) overruled on other grounds by 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Elliott seeks to hold Taggart and Farnan[2] liable for the deprivation of his personal property.  However, he availed himself of an adequate post-deprivation remedy when he utilized the prison's internal grievance system. See Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir.2000).   He also had the option of filing a state tort suit for conversion of property.  See Hudson, 468 U.S.

---

[2]Because Elliott cannot state a deprivation of property claim, the court declines to address defendants' argument that Farnan is entitled to immunity.

7

at 535.  Consequently, the deprivation of property claim will be dismissed pursuant

to 28 U.S.C. §1915(e)(2)(B)(ii).

     An appropriate Order will issue.


                                                                /s/ Christopher C. Conner
                                                           CHRISTOPHER C. CONNER
                                                           United States District Judge

Dated:       April 10, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH  A. ELLIOTT, SR.,** | : | **CIVIL ACTION NO. 1:04-CV-1101** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT DONALD** | : | |
| **VAUGHN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

AND NOW, this 10th day of April, 2006, upon consideration of defendants'

motion to dismiss (Doc. 97), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1.   Defendants' motion (Doc. 97) is GRANTED as follows:

      A.   Any and all claims against defendant Rendell are
DISMISSED.

      B.   Plaintiff's grievance procedure claim lodged against
defendant Taggart is DISMISSED.

      C.   Plaintiff's Eighth Amendment claim concerning the
canvas sneakers is DISMISSED.

2.   Plaintiff's deprivation of property claim lodged against defendants
Taggart and Farnan, and any other named defendants, is
DISMISSED.  See 28 U.S.C. §1915(e)(2)(B)(ii).

3.   The Clerk of Court is directed to terminate defendants Rendell,
Farnan and Taggart.

4.      The remaining defendants shall file an answer or appropriate pre-trial
        motion on or before April 27, 2006, addressing the remaining claims
        contained in the amended complaint.  (Doc. 72).


                                        /s/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge