# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. ELLIOTT, SR.,** | : | **CIVIL ACTION NO. 1:04-CV-1101** |
| **Plaintiff** | : | |
| v. | : | **(Judge Conner)** |
| **SUPERINTENDENT DONALD VAUGHN, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 21st day of July, 2006, upon consideration of plaintiff's motion to compel (Doc. 145) production of fourteen boxes of legal and other material which were confiscated from his cell, and it appearing that defendants have legitimate penological reasons for limiting the amount of material an inmate may have in his cell[1], see Green v. Johnson, 977 F.2d 1383 (10th Cir. 1992) (holding that prison rule imposing a limitation on storage of materials in inmate cells was reasonably related to the legitimate penological goals of safety, security and fire hazard concerns); see also, Hackett v. Horn, 751 A.2d 272, 274-75 (Pa. Commw. Ct. 2000) (finding that by limiting the amount of materials inmates may keep in their cells, the prison authorities are better able to insure the safety of the facility), and it further appearing that plaintiff has been provided with options to sort and

---

[1] "DC-ADM 815 states 'that limitations on the amount and variety of inmate property may be imposed for security, hygiene and/or safety reasons.'" (Doc. 148, p. 1).

consolidate "approximately ten boxes of material" (Doc. 148),[2] but has declined to do so, it is hereby ORDERED that motion to compel is DENIED.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] In correspondence dated April 24, 2006, from the superintendent of the State Correctional Institution at Camp Hill addressed to plaintiff, the superintendent states as follows: "The S[pecial] M[anagement] U[nit] is currently in possession of approximately ten boxes of material. You were given the option of sorting the material into four records center boxes or two records center boxes and one footlocker, but failed to do so. You were later asked to either mail the boxes to an address outside the prison system or have them destroyed. To date you have not indicated which option you wish to choose." (Doc. 148).