# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH A. ELLIOTT, SR.,** | : | **CIVIL ACTION NO. 1:04-CV-1101** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT DONALD VAUGHN, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the court is plaintiff's motion for leave to file an amended complaint (Doc. 126) and motion for enlargement of time to file an amended complaint (Doc. 128).[1] For the reasons set forth below, the motions will be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides this court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however, advises that "leave shall be freely given when justice so requires," FED. R. CIV. P. 15 (a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

---

[1] Notably, plaintiff did not file a proposed second amended complaint.

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment."  Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002).  A denial of leave to amend where none of these factors are present is an abuse of discretion.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment."  Cornell & Co., 573 F.2d at 823.

Plaintiff states that he has been "erroneously arguing conclusion of law and opinion instead of stating all facts and realizing this now, seeks to amend his complaint."  (Doc. 127, p. 2).  The court concludes that to permit plaintiff to file a second amended complaint at this late stage of the litigation, for the reason advanced by plaintiff, would be prejudicial to defendants and would significantly disrupt the course of the litigation.  A motion to dismiss the amended complaint has recently resulted in the termination of a number of defendants and dismissal of some causes of action.  (Doc. 136).  The case is now streamlined and in a posture for the parties to engage in discovery.  Consequently, plaintiff's motions will be denied.

AND NOW, this 21st day of July, 2006, upon consideration of plaintiff's motion for leave to file an amended complaint (Doc. 126), and motion for enlargement of time to file an amended complaint (Doc. 128), it is hereby ORDERED that motions are DENIED.

      /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge