### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH  A. ELLIOTT, SR., | : | CIVIL ACTION NO. 1:04-CV-1101 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT DONALD | : | |
| VAUGHN, et al., | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

On May 19, 2004, plaintiff Joseph A. Elliott, Sr., an inmate presently incarcerated at the State Correctional Institution at Greene, Waynesburg, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1). Presently pending is plaintiff's motion to voluntarily dismiss the action pursuant to Federal Rules of Civil Procedure 41(a)(1).  (Docs. 219, 220).  For the reasons set forth below, plaintiff's action will be voluntarily dismissed.  However, the dismissal will be with prejudice pursuant to Federal Rules of Civil Procedure 41(a)(2).

I.    Background

Since the inception of this action, there have been at least six instances in which plaintiff has been warned that his actions would result in dismissal of the action for failure to comply with an order of court, or for failure to prosecute the lawsuit.  (Docs. 40, 53, 57, 61, 114, 214).  Prior to the filing of plaintiff's motion for voluntary dismissal, at issue was plaintiff's failure to comply with orders of court directing him to oppose defendants' motion for summary judgment (Doc. 178).

Initially, rather than filing an opposition brief to the motion, plaintiff filed a

motion for civil suspension (Doc 192), and a motion for enlargement of time (Docs.

205).[1]  His motion for civil suspension raised the issue of access to his personal and

legal property, an issue that has been addressed by the court on numerous

occasions.  Specifically, since June 2005, plaintiff has filed multiple motions[2]

seeking court intervention in what he claims is the denial of access to his personal

and legal property by prison officials.  (Docs. 75, 77, 79, 88, 145, 132, 173, 174).  After

review of the various motions, and defendants' responses, it was concluded that

plaintiff was afforded access to his legal materials in accordance with DC-ADM 801.

(Docs. 96, 155, 160).  He was given the opportunity to peruse his property and

choose which legal materials he wished to retain in his cell, and was also provided

with weekly access to his property to exchange legal materials.  (Docs. 155, 160).

However, he refused to cooperate with prison staff.  Defendants' response to

plaintiff's most recent motion for civil suspension also revealed that plaintiff was

afforded access to his personal and legal materials in accordance with prison

directives and that he was refusing to abide by those directives.  Consequently, as

with the prior motions, plaintiff's motion (Doc. 192) for civil suspension was denied.

(Doc. 202).  However, his motion for an enlargement of time to respond to

---

[1] He also filed motions for voluntary civil commitment (Docs. 185, 187, 188),
which were either stricken by the court or denied.

[2] They have been identified as a motion to compel, motion to stay, and motion
for civil suspension.

defendants' summary judgment motion was granted and he was afforded an additional thirty days to file his brief.  (Doc. 202).

Again, plaintiff failed to file his brief.  Instead, he filed a multitude of motions (Docs. 203-213), including a motion for an enlargement of time to file his brief.  The motions were resolved and, although his motion for enlargement of time was denied, he was afforded an additional week to file the brief.  (Doc. 214).  At that time, he was warned that his failure to comply with orders of court (Docs. 202, 214) directing him to file a brief in opposition to defendants' motion for summary judgment would result in dismissal of the action pursuant to FED. R. CIV. P. 41(b) for failure to comply with an order of court.

Despite this warning, plaintiff failed to file an opposition brief.  He has now filed a motion to voluntarily dismiss the action (Docs. 219, 220) pursuant to FED. R. CIV. P. 41(a)(1), *inter alia*.  (Docs. 215-218, 221, 222).  He claims that he has no other choice but to voluntarily dismiss the action "due to both the defendants' blatant refusal to give plaintiff his illegally withheld properties of evidence to prosecute this case and the court's blatant refusal to issue an order compelling the defendant to comply with the discovery rules."  (Doc. 220).

## II.   <u>Discussion</u>

The court will grant plaintiff's request to voluntarily dismiss the action. However, due to the procedural posture of this matter, the dismissal shall be pursuant to FED. R. CIV. P. 41(a)(2), not FED. R. CIV. P. 41(a)(1).  The pertinent portions of the rule are as follows:

> **(1) By Plaintiff; by Stipulation**.  Subject to the provisions of Rule 23(e), of Rule 66, and any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

> **(2) By Order of Court.**  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed, at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .   Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(1), (2).  Procedurally, Rule 41(a)(1) is not available to plaintiff because there has been both an answer (Doc. 151) and summary judgment motion (Doc. 178) filed.  Consequently, his request for voluntary dismissal must be pursuant to Rule 41(a)(2) and requires an order of court.  Further, due to the extent to which this matter has been litigated, and taking into consideration the judicial

and other legal resources that have been invested to this point, the court finds that

it is appropriate that such dismissal shall be with prejudice.[3]

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     June 28, 2007

---

[3] If plaintiff had not moved for a voluntary dismissal, the court would have involuntarily dismissed the matter pursuant to FED. R. CIV. P. 41(b).  A district court has the authority to dismiss a suit *sua sponte* for failure to comply with an order of court.  FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).  Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties.  See Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992). Ordinarily a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte*, to use dismissal as a sanction.  When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary.  See Guyer, 907 F.2d at 1429-30; see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).  This is such a case.  As is obvious from the background facts, plaintiff has utterly failed to comply with court orders.  Rather than taking advantage of the multiple chances he had to file an opposition brief, he chose to file a motion to voluntarily dismiss the action and place blame on defendants, prison officials and the court for denying him access to his legal materials.  Such action is indicative of plaintiff's ongoing refusal to acknowledge that it has been his unwillingness to comply with DC-ADM 801 that has denied him access to his legal materials and has precluded forward movement of this litigation.  Given the circumstances presented, it is concluded that if plaintiff had not moved to voluntarily dismiss the action, the court would be compelled to involuntarily dismiss the action, with prejudice, pursuant to FED. R. CIV. P. 41(b).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH  A. ELLIOTT, SR.,** | : | **CIVIL ACTION NO. 1:04-CV-1101** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT DONALD** | : | |
| **VAUGHN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### O R D E R

AND NOW, this 28th day of June, 2007, it is hereby ORDERED that:

1.  Plaintiff's motion to voluntarily dismiss the action (Doc. 219, 220) is GRANTED in part and denied in part.

2.  The motion is GRANTED inasmuch as the matter is voluntarily dismissed.

3.  The motion is DENIED pursuant to FED. R. CIV. P. 41(a)(1).

4.  The matter is VOLUNTARILY DISMISSED WITH PREJUDICE pursuant to FED. R. CIV. P. 41(a)(2).

5.  Plaintiff's miscellaneous motions (Docs. 215-218, 221, 222) are DENIED as moot.

6.  The Clerk of Court directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge